# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>  ) <br> Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> DANNY RAY ARPOIKA,  ) <br>  ) <br> Defendant.  ) | Case No. CR-23-471-F |

## ORDER

The court, having considered the presentence investigation report and the parties' sentencing memoranda, notifies the parties that it rejects the proposed Rule 11(c)(1)(C) plea agreement. The court certainly does not exclude the possibility of a below-guidelines sentence, and, on that score, the court assures the parties that it takes very seriously its obligation not to reach a decision as to the sentence to be imposed until everyone–not the least of whom is the defendant, speaking for himself–has had their say. However, the court declines to bring this case to a conclusion with its sentencing options circumscribed to the extent contemplated in the Rule 11(c)(1)(C) agreement.

Rule 11(c)(5) provides as follows:

> (5) **Rejecting a Plea Agreement**. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record *and in open court* (or, for good cause, in camera):
> 
> (A) inform the parties that the court rejects the plea agreement;
> (B) *advise the defendant personally* that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

(C) *advise the defendant personally* that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Fed. R. Crim. P. 11 (emphasis added). *See also*, U.S.S.G. § 6B1.2.

This case is set for hearing at 1:00 p.m. on October 21, 2024, for the purpose of compliance with the requirements of Rule 11(c)(5). The defendant's presence is required.

The court concludes that the delay occasioned by the foregoing notification, and related matters, is excludable under 18 U.S.C. § 3161(h)(1)(G) and (i). If defendant takes issue with this conclusion, the defendant **IS DIRECTED** to so notify the court by filing a notice to that effect not later than noon on September 25, 2024, in which case the court shall set the case for trial on the next available jury docket.

Dated this 19th day of September, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0471p008 .docx